Filed 2/24/25  P. v. Tran CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>         v.<br><br>HIEN MINH TRAN,<br><br>    Defendant and Appellant. | G063174<br><br>(Super. Ct. No. 03WF0789)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, David A. Hoffer, Judge. Reversed.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, James M. Toohey and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Hien Minh Tran appeals the summary denial of his petition for resentencing pursuant to Penal Code section 1172.6 (former Penal Code section 1170.95[1]). He contends the admissions in his guilty plea did not preclude his eligibility for relief under section 1172.6. We agree and reverse the trial court's summary denial of his petition and remand for further proceedings.

## STATEMENT OF FACTS

In 2003, Tran and a codefendant were jointly charged in a felony complaint with the attempted murder of W.M. with malice aforethought and street terrorism (§§ 664, 187, 186.22, subd. (a)). It was also alleged they acted for the benefit of a criminal street gang in committing the attempted murder. (§ 186.22, subd. (b)(1).)[2]

At Tran's preliminary hearing, no percipient witnesses testified; all the evidence was presented by way of law enforcement officers pursuant to Proposition 115. (See § 872, subd. (b).) Tran was held to answer for trial on all charges.

In the first amended information, the prosecution alleged, in addition to the original charge, a new charge of shooting from a motor vehicle (§ 12034, subd. (c)). It also included new enhancement allegations Tran personally inflicted great bodily injury on W.M. and personally discharged a firearm during his crimes (§§ 12022.7, subd. (a), 12022.53, subd. (c)).

---

[1] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) All statutory references are to the Penal Code.

[2] Tran's codefendant later pleaded guilty to attempted voluntary manslaughter and admitted the gang enhancement allegation. The trial court sentenced him to prison for 10 years and 6 months.

Tran later accepted a plea agreement with the prosecution. Under the terms of the agreement, he received a 25-year prison sentence in exchange for pleading guilty to attempted murder and admitting the gang and firearm enhancements. The remaining charges were dismissed.

Tran's signed plea form offered the following factual basis for his guilty plea: "I did unlawfully and with malice aforethought attempt to kill [W.M.]. I committed the above offense for the benefit of, at the direction of, or in association with Asian Boyz, a criminal street gang, with the specific intent to promote, further and assist in criminal conduct by members of that gang. I further intentionally discharged a firearm during the commission of the above offense."

Tran filed a petition for resentencing under section 1172.6. In its opposition papers, and at the hearing on the petition, the prosecution argued the petition failed to allege a prima facie case for two reasons. First, the charging documents and the factual basis for Tran's guilty plea established he personally harbored malice in attempting to murder W.M. with a firearm. Second, the preliminary hearing evidence proved Tran was the person who shot W.M.

Tran's attorney disagreed with both arguments. He was particularly opposed to the court considering the preliminary hearing evidence in assessing Tran's eligibility for resentencing. While acknowledging some courts have approved this practice, defense counsel argued it was improper in this case because the preliminary hearing evidence consisted of hearsay, and judicial factfinding is prohibited at the prima facie stage of the resentencing process.

The trial court agreed with defense counsel the preliminary hearing evidence was off limits for purposes of determining whether Tran

3

had established a prima facie case for relief. However, even without considering such evidence, the court found Tran was ineligible for relief based on his admissions in the factual basis for his guilty plea. Given Tran's admission to harboring malice and personally discharging a firearm in committing attempted murder, the court determined malice was not imputed to him by virtue of his participation in another offense. Therefore, the court denied his petition.

## DISCUSSION

### I.

#### GOVERNING LAW

"Attempted murder requires the specific intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing." (*People v. Superior Court* (*Decker*) (2007) 41 Cal.4th 1, 7.) An aider and abettor—a person who aids the perpetrator with knowledge of the perpetrator's unlawful purpose and with the intent that it be facilitated—is guilty of the intended crime. (*People v. Smith* (2014) 60 Cal.4th 603, 611.) Not long ago, an aider and abettor could be found guilty of murder or attempted murder based on their participation in a different crime, if murder or attempted murder resulted and was a natural and probable consequence of the target crime. (*Ibid.*; *People v. Rodriguez* (2024) 103 Cal.App.5th 451, 456.)

However, the Legislature recently eliminated the natural and probable consequences theory of murder and attempted murder liability. (*People v. Rodriguez, supra*, 103 Cal.App.5th at p. 457.) Now an attempted murder conviction requires proof the defendant personally harbored an intent to kill. (*People v. Das* (2023) 96 Cal.App.5th 954, 960.) And if the prosecution contends the defendant is guilty as an aider and abettor, it must also prove the defendant "'aid[ed] the commission of th[e] offense with "knowledge of the

4

direct perpetrator's unlawful intent and [with] an intent to assist in achieving those unlawful ends.'" [Citation.]" (*People v. Curiel* (2023) 15 Cal.5th 433, 463 (*Curiel*) [addressing murder liability].)

As of January 1, 2022, these legislative changes provided an opportunity for defendants convicted of attempted murder to petition to have an attempted murder conviction vacated if: (1) the charging document permitted the prosecution to proceed under the "natural and probable consequences" doctrine; (2) the defendant accepted a plea offer instead of trial; and (3) the defendant could not now be convicted of attempted murder "because of changes to Section 188 or 189 made effective January 1, 2019," which eliminated the natural and probable consequences theory of attempted murder liability. (§ 1172.6, subd. (a); former § 1170.95, subd. (a), as amended by Stats. 2021, ch. 551, § 2.) The sentencing court must then determine whether the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1172.6, subd. (c).)

The prima facie inquiry is "limited" (*People v. Lewis* (2021) 11 Cal.5th 952, 971), and the bar "'was intentionally . . . set very low'" (*id.* at p. 972). In assessing the petition at this stage, the court ""makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved."" (*Id.* at p. 971.) If so, it must issue an order to show cause and hold an evidentiary hearing. (*Ibid.*)

The trial court may examine the record of conviction to assess whether it refutes the petitioner's claim of eligibility. (*People v. Lewis, supra*, 11 Cal.5th at p. 971.) But "[t]he court may deny the petition at the prima facie stage only if the record of conviction conclusively establishes that the petitioner is ineligible for relief as a matter of law." (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211.) To refute the defendant's allegation that he could

5

not now be convicted of attempted murder, the record must "conclusively establish[] every element of the offense." (*Curiel, supra*, 15 Cal.5th at p. 463.)

"'When the petitioner's conviction resulted from a guilty plea rather than a trial, the record of conviction includes the facts "the defendant admitted as the factual basis for a guilty plea."' [Citation.] We independently review the trial court's determination that the petitioner failed to make a prima facie showing for relief." (*People v. Ramos* (2024) 103 Cal.App.5th 460, 464–465 (*Ramos*).)

## II.

### THE TRIAL COURT ERRED BY SUMMARILY DENYING THE PETITION

We conclude the trial court erred by denying Tran's petition at the prima facie stage based on the factual admissions in his guilty plea. Tran admitted he, "did unlawfully and with malice aforethought attempt to kill John Doe," and "intentionally discharged a firearm during the commission of the above offense." These admissions mostly tracked the charges in the amended information and provided no specific factual information about the crime. As a result, we cannot say Tran's admission conclusively covered all the elements of a still valid theory of attempted murder.

In its written order, the trial court noted, "the fact that [Tran] pled guilty to attempted murder does not automatically preclude him from Pen. Code § 1172.6 eligibility. Since a generic accusatory pleading 'need not specify degree or the manner in which the murder was committed . . . nor need it specify the theory of murder on which the prosecution [intends to] rely at trial,' a defendant who pleads guilty is not categorically barred from making a prima facie showing of [1172.6] eligibility 'because such a plea is not necessarily an admission that the crime was committed with actual malice.'" (See, e.g., *People v. Rivera* (2021) 62 Cal.App.5th 217, 224 ["We hold

6

that a defendant who entered a plea to murder 'with malice aforethought' is not categorically incapable of making a prima facie showing of eligibility for relief under [former] section 1170.95, subdivision (c) . . . , because such a plea is not necessarily an admission that the crime was committed with actual malice"].) However, the trial court here concluded Tran's admission to discharging a firearm coupled with his admission to acting with malice aforethought was sufficient to deny relief as a matter of law.

Although we agree with the trial court's finding Tran's generic admission to acting with "malice aforethought" would not preclude eligibility for resentencing at the prima facie stage, we do not agree Tran's additional admission to discharging a firearm is sufficient to preclude Tran relief as a matter of law. In line with the authorities cited by the trial court, Tran's admission he was liable for an attempted murder with malice aforethought was not an admission he acted with such. Tran did not admit he was the actual killer or acted with the intent to kill. (See *People v. Eynon* (2021) 68 Cal.App.5th 967, 977–979 [Defendant's admission to the generic murder charge "did not include any factual admissions that refute his allegation" he is eligible for relief under section 1172.6].) Additionally, although Tran admitted to discharging a firearm during the attempted murder, he did not admit to firing at W.M.[3] This is a distinguishing fact from *People v. Saavedra*

---

[3] The discharge of a firearm under section 12022.53, subdivision (c) does not require a finding Tran fired at W.M. or that he acted with a specific mental state at the time of discharge. (See *People v. Offley* (2020) 48 Cal.App.5th 588, 598 [An enhancement under "[s]ection 12022.53, subdivision (d) provides that the defendant must have intended to discharge a firearm, but does not refer to an 'intent to achieve any additional consequence.'" It "does not establish that the defendant acted with malice aforethought"].)

7

(2023) 96 Cal.App.5th 444, which the Attorney General cites. In *Saavedra,* the defendant admitted to attempting to murder three victims "by personally discharging a firearm at the vehicle [they] were occupying." (*Id.* at p. 447.) Unlike Tran, the defendant in *Saavedra* specified he committed attempted murder *by shooting at the victims* which rendered the defendant ineligible for relief. (*Ibid.*)

Thus, we cannot agree with the dissent's reasoning that Tran's admission to acting with malice aforethought, "establishes he personally had the specific intent to kill, i.e., express malice." (Dis. opn., post, p. 3.) As our Supreme Court explained in *Curiel*: "[the Legislature] did not simply 'add the element of malice aforethought' to existing theories of murder liability. [Citation.] It eliminated the doctrine of natural and probable consequences in its entirety . . . ." (*Curiel, supra,* 15 Cal.5th at p. 462.) Thus, "[m]urder liability requires a different, valid theory, such as direct aiding and abetting," and "a petitioner who alleges that he or she could not currently be convicted of a homicide offense 'because of changes to Section 188 or 189 made effective January 1, 2019' [citation] puts at issue all elements of the offense under a valid theory." (*Ibid.*) Since the prosecution could have proceeded under a natural and probable consequences doctrine at the time Tran pled guilty, the generic language in Tran's plea does not preclude a finding of guilt on a now invalid theory of attempted murder. His admissions were therefore insufficient to render him ineligible for relief. To "conclusively establish[]" Tran is ineligible for relief, the factual basis must reflect his admission of "every element" of a valid theory. (*Ibid.*) It did not do so here.

The Attorney General argues in the alternative that consideration of the preliminary hearing evidence defeats Tran's entitlement to resentencing and asks us to consider such evidence on appeal. We

recognize our sister courts have expressed different opinions as to whether the preliminary hearing transcript may be considered in determining eligibility at the prima facie stage (see generally *People v. Williams* (2024) 103 Cal.App.5th 375 (*Williams*), review granted Sept. 11, 204, S286314 [preliminary hearing evidence cannot be used to defeat the defendant's right to resentencing at the prima facie stage of the proceedings]; *People v. Patton* (2023) 89 Cal.App.5th 649, 657–658, review granted June 28, 2023, S279670 [contra]) and it will be up to the California Supreme Court to provide further guidance on this issue. The trial court here, citing *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 456, "decline[d] to follow" *Patton* and did not "consider the preliminary hearing transcript in making a prima facie determination" We agree with this decision by the trial court, and agree also with the reasoning in *Williams, supra*, 103 Cal.App.5th at page 403. We therefore decline the Attorney General's invitation to consider the preliminary hearing evidence to assess Tran's eligibility at the prima facie hearing.

9

## DISPOSITION

The trial court's postjudgment order denying Tran's petition for resentencing is reversed. The matter is remanded to the trial court to issue an order to show cause and hold an evidentiary hearing consistent with section 1172.6, subdivision (d).


MOTOIKE, J.

I CONCUR:


O'LEARY, P. J.

10

DELANEY, J., Dissenting.

I agree with the majority that the outcome of this appeal hinges on whether Hien Minh Tran's guilty plea, including the factual basis he admitted as part of the plea, conclusively establishes all elements of a still-valid theory of attempted murder. However, I respectfully disagree with its conclusion that Tran's plea is insufficient to meet that legal threshold. On the record before us, I would affirm the trial court's denial of Tran's resentencing petition at the prima facie stage.

A guilty plea is "a judicial admission of every element of the offense charged." (*People v. Chadd* (1981) 28 Cal.3d 739, 748.) It "is the equivalent of a conviction," and by pleading guilty a defendant waives a sufficiency of the evidence challenge. (*People v. Ward* (1967) 66 Cal.2d 571, 574; see *In re Troy Z.* (1992) 3 Cal.4th 1170, 1180-1181.)

Relevant here, attempted murder is generally comprised of two elements, namely "(1) a specific intent to kill and (2) a direct but ineffectual act toward accomplishing the intended killing." (*People v. Mejia* (2012) 211 Cal.App.4th 586, 605.) Unlike murder, because attempted murder requires express malice, it "cannot be proved based upon a showing of implied malice." (*Ibid.*)

Prior to 2019, there generally were three theories through which one could be convicted of attempted murder: (1) liability as the direct perpetrator; (2) liability as a direct aider and abettor; and (3) liability as a natural and probable consequences aider and abettor. (See *People v. Perez* (2005) 35 Cal.4th 1219, 1225; *People v. McCoy* (2001) 25 Cal.4th 1111, 1117-1118.) While the first two of those theories required the defendant to personally have a specific intent to kill and to engage in some act vis-à-vis the

1

attempted killing (see *People v. Lee* (2003) 31 Cal.4th 613, 623-624 [discussing direct aiding and abetting attempted murder liability]), the last of those theories did not. Under the natural and probable consequences doctrine, a defendant who knowingly aided and abetted an intended nonmurder crime, commonly referred to as the target offense, was also guilty of any other crime the perpetrator actually committed that was a natural and probable consequence of the intended crime, commonly referred to as the nontarget offense, irrespective of whether the defendant intended to commit the nontarget offense. (See *People v. Curiel* (2023) 15 Cal.5th 433, 449 (*Curiel*); *McCoy,* at p. 1117; see also *People v. Canizalez* (2011) 197 Cal.App.4th 832, 852.) Depending on the circumstances of a given situation, attempted murder could be a nontarget offense. (*People v. Favor* (2012) 54 Cal.4th 868, 874.)

After legislative changes to Penal Code sections 188 and 189 (§ 1172.6, subd. (a), former § 1170.95, subd. (a), as amended by Stats. 2021, ch. 551, § 2)[1], which took effect in January 2019, the natural and probable consequences doctrine may no longer be used to convict someone of attempted murder, among other crimes. (*Curiel, supra*, 15 Cal.5th at p. 449; *People v. Coley* (2022) 77 Cal.App.5th 539, 548.) In contrast, direct perpetrator and direct aider and abettor theories of liability remain viable. (See *Curiel,* at p. 462; *Coley,* at p. 548.)

Here, in the factual basis for his guilty plea, Tran admitted he unlawfully "attempt[ed] to kill" the victim with "malice aforethought."

---

[1] All further statutory references are to the Penal Code.

He further admitted he "intentionally discharged a firearm during the commission of the [attempt to kill] offense."

The firearm related portion of Tran's admissions are not sufficient to conclusively establish any aspect of the attempted murder offense. As the majority notes, one, discharge of a firearm does not require a finding Tran fired at the victim or that he acted with a specific mental state at the time of discharge (see *People v. Offley* (2020) 48 Cal.App. 5th 588, 598), and two, there are no words expressly linking Tran's admission of the firearm discharge to his admission of the attempt to kill. Indeed, because an attempted murder may occur over a period of time, the discharge of a firearm during its commission does not decisively connect the discharge to the attempted murder itself.

In contrast, I read Tran's other above mentioned factual admissions, included in a plea form signed under penalty of perjury that "everything on this form is true and correct," as providing specific factual information about the attempted murder.

First, Tran admitted he personally acted with malice aforethought. Since attempted murder cannot be based on implied malice (*People v. Bland* (2002) 28 Cal.4th 313, 327), Tran's admission establishes he personally had a specific intent to kill, i.e., express malice. (*Zemek v. Superior Court* (2020) 44 Cal.App.5th 535, 548; *People v. Falaniko* (2016) 1 Cal.App.5th 1234, 1242-1243.) That satisfies the mental state for a still viable theory of attempted murder.

The majority relies on *People v. Rivera* (2021) 62 Cal.App.5th 217, and *People v. Eynon* (2021) 68 Cal.App.5th 967, to conclude otherwise. I respectfully disagree. In *Rivera*, the defendant pled no contest to second

3

degree murder and stipulated to the transcript of grand jury proceedings as the factual basis for the plea. (*Rivera,* at pp. 225-226.) And in *Eynon*, the defendant pled guilty to first degree murder and, as a factual basis for the plea, admitted he did what the generic murder count in the charging document said he did. (*Eynon*, at p. 971.) I read those circumstances as fundamentally different than Tran's guilty plea which contains a specific factual admission to the truth that he personally acted with malice aforethought in attempting to kill the victim. (See *People v. French* (2008) 43 Cal.4th 36, 52 [stipulation to factual basis for no contest plea is not binding admission for all purposes].)

Second, Tran admitted he "attempt[ed] to kill [the victim]." This is a factual admission that his actions, whatever they may have been, were connected to the attempted killing itself. They were not simply connected to some other target offense, as would be the case in a natural and probable consequences situation. (See *People v. Prettyman* (1996) 14 Cal.4th 248, 262 [a natural and probable consequences aider and abettor commits act that aids or encourages commission of target crime]; c.f. *Curiel, supra*, 15 Cal.5th at p. 467 [in natural and probable consequences situation, an act that aids or encourages target crime cannot be said to necessarily also aid or encourage nontarget crime].) In this respect, of particular importance is the use of the word "kill," as opposed to a legal term of art, such as "murder," which could be interpreted in a more expansive manner. (See § 187, subd. (a) [defining murder as "the unlawful killing of a human being, or a fetus, with malice aforethought"].)

Because Tran's guilty plea is a judicial admission of every element of attempted murder, and because his factually true admissions

4

preclude the possibility that his plea was based on the natural and probable consequences theory, or some other imputed malice theory, the plea necessarily admits liability either under a direct perpetrator theory or direct aider and abettor theory. Both of those theories remain viable, meaning the record of conviction conclusively refutes Tran's contention that he could not currently be convicted of attempted murder "because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).) Accordingly, I would affirm the denial of his resentencing petition. (See *Curiel, supra,* 15 Cal.5th at p. 460 [petition may be dismissed at prima facie stage if record of conviction conclusively establishes defendant is ineligible for relief].)


DELANEY, J.

5